# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00113-CV

**In re Fluor Enterprises, Inc., Fluor Corporation, Fluor Constructors International, Inc., and Fluor Texas Inc.**

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## C O N C U R R I N G   O P I N I O N

Because I disagree with the majority opinion to the extent that it implies that failure to comply with a deadline established in a case management order can result in remand from a pretrial court to a trial court when all the statutory requirements have not been complied with, I write this concurring opinion to the majority opinion.

I agree with the portion of the majority's opinion concluding that section 90.010(b) of the civil practice and remedies code does not apply to this case. Subsection (b) provides, in relevant part, as follows:

> If the claimant fails to serve a report complying with Section 90.103 or 90.004 on or before the 90th day after the date this chapter becomes law under *Subsection (a)(2)*, the defendant may file a notice of transfer to the MDL pretrial court.

Tex. Civ. Prac. & Rem. Code Ann. § 90.010(b) (West Supp. 2005) (emphasis added).

Subsection (a)(2) applies to cases "filed before September 1, 2003." *Id.* § 90.01(a)(2) (West Supp. 2005). However, the present case was filed in January 2004. Therefore, the notice of transfer was improper as it was based on section 90.010(b).

However, I disagree with the majority's suggestion that a pretrial court may remand a case to the trial court even though all statutory requirements have not been satisfied. In construing statutes, our goal is to give effect to the legislature's intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004). If the statutory text is unambiguous, a court must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results. *Id.* at 177.

Section 90.010(d) of the civil practice and remedies codes provides, in relevant part, as follows:

> In an action pending on the date this chapter becomes law that is transferred to or pending in an MDL pretrial court and in which the claimant does not serve a report . . . the pretrial court shall not dismiss the action pursuant to this chapter but shall retain jurisdiction over the action under the MDL rules. The MDL pretrial court *shall not remand such action for trial unless*:
>
> (1)  the claimant serves a report complying with Section 90.003 or 90.004; or
>
> (2)  (A)  the claimant does not serve a report that complies with Section 90.003 or 90.004;
>
>     (B)  the claimant serves a report complying with Subsection (f)(1); and
>
>     (C)  the court, on motion and hearing, makes the findings required by Subsection (f)(2).

Tex. Civ. Prac. & Rem. Code Ann. § 90.010(d) (West Supp. 2005) (emphasis added).

2

The present case was pending when section 90.010 became effective in 2005. The clear language of subsection (d) specifies that the pretrial court shall not remand the case unless the claimant serves one of two types of reports. The claimant did not serve either type of report in this case.

The majority concludes that remand is appropriate because the Fluor defendants missed the deadline specified in a case management order for filing a notice of transfer of the case to a pretrial court. Section 90.010(a) of the civil practice and remedies code states that the MDL rules, which are set out in the rules of judicial administration, apply to any action pending after chapter 90 became effective. *See id.* § 90.010(a) (West Supp. 2005); Tex. R. Jud. Admin. 13.1-13.9. Rule 13.6 authorizes the pretrial court "in all related cases transferred to the court" to enter a case management order "to set fair and firm time limits tailored to ensure the expeditious resolution of each case and the just and efficient conduct of the litigation as a whole." Tex. R. Jud. Admin. 13.6(b), (c). Its case management order "should address [] all matters *pertinent to the conduct of litigation*." *Id.* (emphasis added). However, nothing in rule 13.6 indicates that remand to the trial court for failure to comply with a deadline for filing a notice of transfer as specified in a case management order is an authorized action. Rather, the language of the MDL rules seems to establish an automatic transfer process, and no language in the rules specifically gives pretrial courts the authority to reject cases that have been *transferred to it. See id.* 13.1-13.9. The only rule that mentions a pretrial court's ability to remand a case to the trial court is rule 13.7, which authorizes a pretrial court to remand a case to the trial court "when pretrial proceedings have been completed to such a degree that the purposes of the transfer have been fulfilled or no longer apply." *Id.* 13.7(b).

3

Nothing in rule 13.7 discusses violations of case management orders, and there is no indication that the purposes of the transfer had been fulfilled.

Further, the majority's interpretation of the governing framework implies that a case management order issued by a pretrial court under the authority of the MDL rules supersedes the statutory requirements listed in section 90.010(d), but nothing in the statute or in the rules leads me to believe the legislature intended such a result.

However, under the circumstances of this case and given our standard of review, I agree that the pretrial court did not abuse its discretion. This case was filed in January 2004, but the Fluor defendants made no attempt to transfer the case until February 23, 2006, which was four days before the trial was scheduled to begin. Under these circumstances, the trial court did not abuse its discretion by finding that the Fluor defendants waived their right to participate in an MDL proceeding and, therefore, waived their right to invoke the application of subsection 90.010(d). *See Comsys Info. Tech. Servs., Inc. v. Twin City Fire Ins. Co.,* 130 S.W.3d 181, 189-90 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (waiver is intentional relinquishment of known right or intentional conduct inconsistent with that right and may be established by silence or inaction for a long period).

For the reasons given, I concur in the judgment of this court.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Waldrop

Filed: February 27, 2006